```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

**United States of America**      :
                                   :
**v.**                             :      **Case No. 3:05cr260 (JBA)**
                                   :
**William Tisdol**                 :

**RULING ON DEFENDANT'S MOTION TO REOPEN SUPPRESSION HEARING AND REQUEST TO RECONSIDER RULING BASED ON NEWLY DISCOVERED EVIDENCE [DOC. # 66]**

On August 30, 2006, the Court issued a ruling denying defendant's motion to suppress, inter alia, a firearm seized at the first-floor apartment of 1860 Main Street in Hartford Connecticut, rejecting defendant's contentions that the search warrant affidavit submitted by Detective William Rivera for the apartment contained "deliberately or recklessly false or misleading information" in violation of Franks v. Delaware, 438 U.S. 154 (1978).  See Suppression Ruling [Doc. # 60] at 8-9 (citing Franks, 438 U.S. at 164-72; United States v. Canfield, 212 F.3d 713, 717 (2d Cir. 2000)).  Specifically, the Court found that the testimony of one of the confidential sources referenced in the search warrant affidavit, Isaiah Griffin, was not credible and, in any event, that defendant had not satisfied the first prong of the Franks test, namely that "the claimed inaccuracies or omissions [were] the result of [Rivera's] deliberate falsehood or reckless disregard for the truth."  Canfield, 212 F.3d at 717-18.  The Court also determined that even if the Griffin evidence

1

did provide a basis for concluding that Rivera either deliberately included false information in his affidavit or that he included that information with reckless disregard for its truth, defendant could not establish the second element of the <u>Franks</u> test because probable cause to grant the search warrant was established even excising the allegedly false information from the warrant affidavit, as the remaining information established probable cause for searching the apartment at 1860 Main Street for firearms.

The information obtained from Griffin, which defendant claimed was false, appeared in the search warrant affidavit at paragraph nine.  Paragraphs three and four of the affidavit also contained information from confidential sources, and stated that Tisdol was in possession of several firearms.  Paragraphs two and five of the affidavit provided that Tisdol was a dangerous felon with several firearm-related arrests.  Paragraphs four and six demonstrated that Tisdol resided at the 1860 Main Street address, which was also corroborated by information provided in paragraph eight that Rivera set up surveillance on Tisdol and observed him enter 1860 Main Street and remain inside on July 28, 2005, shortly before submission of the affidavit.

Defendant now moves to reopen the suppression hearing and requests reconsideration of the Court's Suppression Ruling on the basis of newly discovered evidence.  <u>See</u> Def. Mot. to Reopen

[Doc. # 66]. Specifically, defendant submits a statement from Anthony Jennings, the confidential source referred to in Rivera's affidavit at paragraph four,[1] as well as a transcript of Rivera's testimony in an internal affairs investigation. Defendant contends that Jennings' statement shows that the information in paragraph four of the search warrant affidavit is "patently false" and thus that "[t]his statement taken separately or in combination with the evidence previously presented to the court severely undermines the credibility of Detective Rivera." Def. Mot. at 2. Defendant also argues that the testimony of Detective Rivera from an internal affairs investigation shows that he placed defendant in the Project Safe Neighborhoods program and "targeted him" in January 2005, shortly after Tisdol was released from prison. Defendant argues that "[t]his action and the statement of Mr. Jennings suggest that this detective zealously pursued the defendant without regard for the truth and that he intentionally falsified a search warrant affidavit." Id. at 2.[2]

---

[1] Although these sources were classified "confidential" in the search warrant affidavit, Griffin apparently of his own volition revealed his identity to defendant and voluntarily submitted an affidavit; the identity of Mr. Jennings was revealed by Detective Rivera during his testimony at the suppression hearing.

[2] Defendant also, somewhat inexplicably, refers to "evidence from another source [which] suggests Detective Rivera spoke with the property manager for the building known as 1860 Main Street in Hartford, Connecticut." Id. at 2. It is not clear to the Court from defendant's motion and briefing the significance of this claimed fact.

The Government opposes defendant's motion, contending that even if the Court were to credit "the defendant's most recent attack on Detective Rivera's credibility" and thus excised paragraph four from Rivera's affidavit, probable cause for the issuance of the warrant would remain, as paragraph 9 "standing alone provided a reasonable police officer with probable cause to believe that the defendant was unlawfully possessing a firearm and that the firearm was stored at his residence on Main Street," and the Court already determined the credibility of that paragraph based not only on Detective Rivera's testimony, but on that of the paragraph 9 source (Griffin) himself.  Gov. Opp. [Doc. # 70] at 5.  The Government also questions the credibility of the Jennings statement itself.

For the reasons that follow, defendant's motion will be granted insofar as the Court will reconsider its denial of the suppression motion as to the seized firearm in light of the proffered newly discovered evidence, but the Court adheres to its determination in the Suppression Ruling.

## I.  Standard[3]

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

---

[3] The Court recognizes that this motion is styled as both a motion to reopen the hearing as well as to reconsider the ruling.

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). As the Government notes, it is within a district court's discretion to reopen a suppression hearing and to reconsider its Suppression Ruling. See United States v. Bayless, 210 F.3d 116, 131 (2d Cir. 2000).

Because defendant proffers newly discovered evidence which the Court did not previously have an opportunity to consider – the statement from Anthony Jennings and an internal affairs investigation transcript – the Court grants defendant's motion and reconsiders its Suppression Ruling in light of this evidence.

**II.  Franks Analysis**

As detailed in the Suppression Ruling, "[a] defendant is permitted to challenge the veracity of a search warrant in limited circumstances. One such circumstance is where the affidavit in support of the search warrant is alleged to contain deliberately or recklessly false or misleading information." Canfield, 212 F.3d at 717 (citing Franks, 438 U.S. at 164-72). "To suppress evidence obtained pursuant to an affidavit

containing erroneous information, the defendant must show that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the issuing judge's probable cause finding." Id. at 717-18.

Assuming arguendo that the statement from Mr. Jennings and whatever testimony he might offer could satisfy the first prong of the Franks analysis, defendant cannot establish the second prong because even excising paragraph four from the search warrant affidavit, probable cause existed to search the apartment at 1860 Main Street for firearms.  Defendant's probable cause argument appears to rely, at least in part, on the Court's alternative analysis in its Suppression Ruling that even if paragraph nine were excised from the affidavit, probable cause to search defendant's apartment would still have existed inasmuch as defendant contends that "[a]part from paragraph 9 of the search warrant, only paragraph 4 purports to establish a nexus between 1860 Main Street and firearms which were the subject of the search." Def. Mot. at 2.  While the Court did engage in this alternative analysis, the Court primarily determined that paragraph nine was reliable and did not need to be excised.  See Suppression Ruling at 12-13.  Further, in addition to the nexus established in paragraph nine between the firearms which were the subject of the search and 1860 Main Street, a nexus is also

provided by the fact that the affidavit contained other information that defendant was in possession of firearms and, as a matter of law, guns can be presumed to be kept in an individual's home, particularly when, as here, they are intended for personal self-defense purposes.  See United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993) ("[I]t is reasonable to assume that people keep guns in their homes.").

   The Court appreciates defendant's argument that "Jennings' statement if credited, along with Rivera's admitted targeting of defendant, would so undermine Detective Rivera's credibility as to again call into question his veracity in connection with his preparation of the entire search warrant affidavit including paragraph 9."  Def. Mot. at 4.  However, the Court rejected defendant's Franks argument that Detective Rivera deliberately included false information in paragraph 9 or included it with reckless disregard for its truth not only on the basis of Rivera's testimony, but also relying on testimony from Isaiah Griffin himself and Inspector Joseph Howard, who was also present during the Griffin interview.  The Court observed that while it was "not convinced that Griffin was credible in his affidavit and at the hearing when he denied the truth of his statements to Detective Rivera," even if Griffin were being truthful when he testified to the falsity of the statements he made to Rivera, "neither Griffin's affidavit nor his testimony actually indicate

7

that Rivera and/or Howard had reason to believe or suspect that Griffin was lying because Griffin admitted that, at the very least, he 'agreed to' all of the information appearing in paragraph 9 of the affidavit (apart from the information about defendant's residence)."  Suppression Ruling at 12-13.  In addition to Griffin's own testimony, Inspector Howard corroborated that Griffin "provide[d] the information that's contained in paragraph nine," Suppression Hrg. Tr. [Doc. ## 57-59] at 303-04, and specifically that Griffin was aware of defendant's participation in a robbery involving a Mac-10 and some crack cocaine, that Griffin had seen defendant in possession of a firearm within a matter of days of his interview, and that defendant resided somewhere on Main Street, which confirmed information the officers already had, id. at 301-02.

Therefore, notwithstanding the alleged falsity of the information contained in paragraph four and the evidence that Rivera was targeting Tisdol and thus could have had a motivation to dissemble in his warrant affidavit, and even accepting that such could undermine Rivera's credibility, it is not necessary to excise paragraph 9 because the Court found the information therein reliable based on testimony from other sources.[4]  Even if

---

[4] As referenced above, defendant also submits, as further evidence which he claims impugns Rivera's credibility, an internal affairs investigation transcript in which Rivera "virtually admitted to Internal Affairs' officers at the Hartford Police Department that he indeed wanted to take Mr. Tisdol off

the statement of Mr. Jennings and his testimony at any reopened suppression hearing were sufficient to demonstrate that Rivera deliberately or recklessly included false information in paragraph four of his affidavit, thus necessitating elimination of paragraph four from the probable cause analysis and calling into question Rivera's credibility, that would not undercut the Court's assessment of paragraph 9's reliability nor the Court's probable cause determination because that Griffin made the statements recorded in paragraph 9 is independently verifiable, and paragraph 9 combined with the balance of the affidavit establishes probable cause for the search warrant.  Defendant's motion to reopen will therefore be denied and the Court's denial of the motion to suppress the seized firearm stands.

---

the streets from the time he knew this defendant had been released from incarceration.  He clearly made the defendant a top priority and this alone corroborates Mr. Jennings' statement (and Mr. Griffin's testimony) that Mr. Rivera intentionally falsified the search warrant affidavit." Def. Mot. at 5.  However, while this testimony provides a context in which to assess Rivera's motivations, it does not address the Court's determination that there was an absence of any evidence showing that Rivera knew Griffin was, as Griffin claims, lying to him.  Indeed, as discussed above, even discounting Rivera's testimony entirely, the testimony from Howard and Griffin himself establishes that Griffin "agreed to" all of the information appearing in paragraph 9 of the affidavit (although Griffin and Howard dispute whether Griffin corroborated the information about defendant's residence).  Likewise, defendant's vague reference to the proffer of "testimony from at least one additional witness that contradicts the testimony of Detective Rivera at the suppression hearing previously conducted before this court" does not impact the Court's determination as to paragraph 9 because Griffin and Howard corroborated the reliability of that information.

### III. Conclusion

For the foregoing reasons, defendant's motion [Doc. # 66] is GRANTED IN PART, as the Court reconsiders its suppression determination on the basis of the proffered newly discovered evidence, and DENIED IN PART, as the court declines to reopen the suppression hearing and adheres to its Suppression Ruling.

```
                        IT IS SO ORDERED.

                              /s/
                        Janet Bond Arterton
                        United States District Judge
```

**Dated at New Haven, Connecticut this 2nd day of October, 2006.**