```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

United States              :
                           :
v.                         :      Case No. 3:05cr260 (JBA)
                           :
William Tisdol             :
```

**RULING ON DEFENDANT'S POST-TRIAL MOTIONS [DOCS. ## 101, 103]**

On November 6, 2006, after a three-day jury trial, defendant William Tisdol was convicted of the second count of a two-count indictment, which charged him with possession of five grams or more of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1] Defendant now moves for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) [Doc. # 103] or, alternatively, for a new trial pursuant to Fed. R. Crim. P. 33 [Doc. # 101], contending that there was insufficient evidence presented at trial to support the jury's finding beyond a reasonable doubt that he possessed cocaine base with intent to distribute it, that this Court erred in admitting evidence of his telephone conversation with Dondi Morrell from the Walker Correctional Institution, and that the Court erred in denying his motion to suppress evidence seized from his person on August 3, 2005 during a frisk following the stop of a taxicab in which he was a passenger.  The Government opposes defendant's

---

[1] The Jury acquitted Mr. Tisdol of the first count charging him with possession of a firearm by a convicted felon.

1

motions.  For the reasons that follow, defendant's motions will be denied.

## I. Standards

Fed. R. Crim. P. 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  "A district court can enter a judgment of acquittal where the evidence is insufficient 'only if, after viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, it concludes no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.'"  United States v. Hernandez, 02cr341 (EBB), 2006 WL 861002, at *4 (D. Conn. Mar. 31, 2006) (citing United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002)).  When considering a motion pursuant to Rule 29, "the court must be careful to avoid usurping the role of the jury." United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999). "The court must give 'full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact' in determining whether a reasonable mind might fairly conclude guilt beyond a reasonable doubt was established upon the evidence."  Hernandez, at *4 (citing Guadagna, 183 F.3d at 129).  Thus, "Rule 29(c) does not provide the trial court with an opportunity to substitute its own

determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." Guadagna, 183 F.3d at 129.

Rule 33 of the Federal Rules of Criminal Procedure, which permits the Court, upon defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires," allows "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." United States v. Ferguson, 246 F.3d 129, 133 (2d Cir. 2001) (internal quotation omitted). "In exercising the discretion so conferred, the court is entitled to weigh the evidence and in so doing evaluate for itself the credibility of witnesses." United States v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992) (internal quotation omitted). Nonetheless, in evaluating the witnesses' testimony:

> [T]he judge must examine the totality of the case. All the facts and circumstances must be taken into account. An objective evaluation is required. There must be a real concern that an innocent person may have been convicted. It is only when it appears that an injustice has been done that there is a need for a new trial "in the interest of justice."

Id. at 1414 (emphasis added).

**II. Discussion**

Even applying the more expansive Rule 33 new-trial standard, which encompasses the Court's weighing of evidence and evaluation of credibility of witnesses, the evidence supported the jury's

3

verdict.

There was sufficient evidence to warrant a reasonable juror to conclude beyond a reasonable doubt that defendant possessed the cocaine base, which several law enforcement witnesses testified was found on his person, with the intent to distribute it.  First, there was evidence that approximately 22 grams of cocaine base and $716 in cash were seized from defendant's person.  In light of the testimony of Special Agent Bornstein regarding his experience with pricing and distribution quantities of cocaine base contrasted with individual street sale/purchase quantities, it would have been reasonable to infer from the amount of cocaine base in defendant's possession that he intended to distribute it rather than consume it.  Such a conclusion is also supported by the evidence that defendant had no reported income between the fourth quarter of 2003 through the second quarter of 2006 (testimony of Stan Kuligowski, Gov't Ex. 12), raising an inference that the $716 in cash found on defendant's person were the proceeds of illegal drug activity which would not have been reported as income to the IRS, as well as by the August 2006 tape-recorded telephone conversation between defendant (while incarcerated at Walker Correctional Institution) and Dondi Morrell during which defendant made a statement about his "run[ning] the streets" and "sell[ing] drugs" "a year ago," which time period coincides with the date on which defendant was

arrested and charged with possessing narcotics with intent to distribute.

Defendant also contends that admission of this tape-recorded conversation was erroneous as it constituted evidence of prior bad acts pursuant to Fed. R. Evid. 404(b), defendant was not given advance notice of the Government's intent to introduce the evidence, the evidence was not probative of possession or intent, and the evidence was highly prejudicial and inflammatory. Inasmuch as the statement the defendant made concerned selling drugs during the same time period relevant to the drug possession charge in this case, it was not offered as Rule 404(b) evidence of other crimes, but as evidence of this crime, and thus was admitted as a non-hearsay admission by a party-opponent pursuant to Fed. R. Evid. 801(d)(2)(A).  The tape recording does not constitute prior bad acts evidence as contemplated by Fed. R. Evid. 404(b) because it does not relate to a prior bad act but rather to the specific crime charged in the Indictment – possession, with intent to distribute, of five grams or more of cocaine base in August 2005.[2]  Thus, admission of this evidence cannot form a basis for either a judgment of acquittal or a new trial.

---

[2] United States v. Garcia-Orozoco, 997 F.2d 1302 (9th Cir. 1993), cited by defendant, is thus distinguishable as it concerns admission of Rule 404(b) evidence, specifically, a separate arrest of defendant on drug charges to prove defendant's knowledge with respect to the charge at issue.

Lastly, defendant contends that the Court erred in denying his pre-trial motion seeking to suppress evidence of the cocaine base seized following the stop of the taxicab in which he was a passenger and a frisk of his person.  As detailed in the Court's two previous rulings on suppression issues, the stop of the taxicab was justified on the basis of an observed illegal U-turn committed by its driver and, once stopped, the frisk of defendant, as well as the scope of that frisk, was justified under Terry v. Ohio, 392 U.S. 1 (1968), and its progeny.  See Ruling on Def. Mot. to Suppress and Mot. to Compel Disclosure of Informants' Identities [Doc. # 60]; Ruling on Def. Mot. to Reopen Suppression Hrg. and Req. to Reconsider Ruling Based on Newly Discovered Evidence [Doc. # 72].  Defendant contends that "[t]he U-turn was merely a pretext.  It was not the reason motivating police to stop the taxi.  Sergeant Hawkins reiterated his testimony in this regard at trial."  Def. Mem. [Doc. # 102] at 5. However, "'an officer's use of a traffic violation as a pretext to stop a car in order to obtain evidence for some more serious crime is of no constitutional significance.'"  Suppression Ruling at 17 (citing United States v. Dhinsa, 171 F.3d 721, 724-25 (2d Cir. 1998)); accord Holeman v. City of New London, 425 F.3d 184, 190 (2d Cir. 2005) ("Whether probable cause or reasonable suspicion exists is an objective inquiry; the 'actual motivations of the individual officers involved' in the stop 'play no role'

in the analysis.") (quoting Whren v. United States, 517 U.S. 806, 813 (1996)).

Accordingly, the evidence supported the jury's verdict finding the elements of the possession charge, including intent to distribute, beyond a reasonable doubt, and therefore defendant has not demonstrated any miscarriage of justice. As defendant has not met his Rule 33 new-trial burden, he also cannot meet the higher burden under Rule 29 for a judgment of acquittal. The Court finds no error in either its admission of the tape-recorded conversation or its denial of defendant's suppression motion.

**III. Conclusion**

For the foregoing reasons, defendant's Motion for New Trial [Doc. # 101] and Motion for Judgment of Acquittal [Doc. # 103] are DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 10th day of January, 2007.**