UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *v.* | Criminal No. 3:05cr260 (JBA) |
| WILLIAM TISDOL. | January 22, 2015 |

## RULING ON DEFENDANT'S MOTION TO REDUCE
## SENTENCE PURSUANT TO 18 U.S.C. § 3582

Defendant William Tisdol has filed two motions [Doc. ## 159, 162] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 750 to the United States Sentencing Guidelines, which reduced by two levels the base offense level for cocaine base ("crack cocaine") offenses.  For the reasons that follow, Defendant's motions are denied.

## I.      Background

On November 6, 2006, after a three-day jury trial, Mr. Tisdol was convicted of Possession of 5 Grams or More of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The offense carried a mandatory minimum term of imprisonment of five years and pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, Mr. Tisdol faced a mandatory minimum of ten years' imprisonment due to his prior felony narcotics convictions.

The Pre-Sentence Report ("PSR") found that the base offense level was 28 because the reasonably foreseeable quantity of crack cocaine attributable to Defendant was at least 20 grams, but not more than 35, grams. (PSR ¶ 21.) Mr. Tisdol was determined have 22 criminal history points, which placed him in Criminal History Category VI, resulting in a guideline range of 140 to 175 months' incarceration.  (PSR ¶¶ 37, 72.)  At sentencing on

January 25, 2007, Defendant argued that the 2006 Guidelines were "unnecessarily harsh" and "discriminatory" in their treatment of crack cocaine relative to powder cocaine, although he conceded that a policy-based variance was precluded by existing circuit precedent, *see United States v. Castillo*, 460 F.3d 337, 361 (2d Cir. 2006) ("[D]istrict courts may give non-Guidelines sentences only because of case-specific applications of the § 3553(a) factors, not based on policy disagreements with the disparity that the Guidelines for crack and powder cocaine create."), and the Court imposed a term of incarceration of 140 months, *United States v. Tisdol*, 290 F. App'x 384, 387 (2d Cir. 2008).

After Mr. Tisdol's sentencing, however, *Castillo* was abrogated in *Kimbrough v. United States,* 552 U.S. 85, 93 n. 4 (2007), which held that district courts could rely on policy disagreements with the Sentencing Commission, particularly regarding the crack Guidelines, in imposing non-Guidelines sentences. *See id.* at 575. In light of the *Kimbrough*, the Second Circuit vacated Defendant's sentence and remanded the case for resentencing. *Tisdol*, 290 F. App'x at 387. In accordance with the Second Circuit mandate, the Court resentenced Mr. Tisdol on November 7, 2008 and imposed a sentence of 120 months' imprisonment, the minimum sentence mandated by statute.

## II.    Discussion

Mr. Tisdol seeks a reduction in his sentence pursuant to Amendment 750, which effective November 1, 2011 lowered the base offense levels applicable to crack offenses. The Government and Probation Office both contend that Mr. Tisdol is not eligible for a reduced sentence under Amendment 750 because he was sentenced to the statutorily mandated minimum term of incarceration. (*See* Retro-Crack Addendum to PSR [Doc. # 158]; Gov't's Opp'n [Doc. # 160].)

2

Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.").  In doing so, the court is directed to consider "the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*, namely § 1B1.10 of the Guidelines addressing resentencing, *see Dillon v. United States*, 560 U.S. 817, 825 (2010).  Pursuant to U.S.S.G. § 1B1.10, a reduction is not consistent with Sentencing Commission policy statements if the revised guideline provision "does not have the effect of lowering the defendant's applicable guideline range."

Although Amendment 750 lowered the base offense levels applicable to crack offenses, Mr. Tisdol was sentenced to the statutory mandatory minimum, which could not be changed by an amendment to the Sentencing Guidelines.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012) ("[N]o matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.").  This limitation is reflected in U.S.S.G. § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  Therefore, because Amendment 750 did not have the

effect of lowering Defendant's Guidelines range and he was sentenced to a statutory mandatory minimum, he is ineligible for resentencing.[1]

**III.    Conclusion**

For the reasons set forth above, Defendant's Motions [Doc. ## 159, 162] to Modify Sentence are DENIED.


IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 22nd day of January 2015.

---

[1] After Mr. Tisdol's sentencing hearings, the Fair Sentencing Act of 2010 ("FSA") lowered the statutory mandatory minimum for various crack offenses effective August 3, 2010.  If the FSA applied to Defendant's case, his mandatory minimum would be lower than that applied at his last sentencing hearing, but the FSA does not apply to defendants who committed their offenses and were sentenced prior to the FSA's effective date. *United States v. Reese*, 541 F. App'x 42, 44 (2d Cir. 2013) ("[T]he FSA does not apply retroactively to defendants convicted and sentenced prior to August 3, 2010.").